IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA STILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15-cv-00151-JCH |
| | ) |
| MIDLAND FUNDING LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT MIDLAND FUNDING LLC'S ANSWER TO PETITION

COMES NOW Defendant Midland Funding LLC ("Midland"), by and through undersigned counsel, and for its Answer to Plaintiff's Petition, states as follows:

1. Paragraph 1 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 1.

2. Paragraph 2 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 2.

3. Paragraph 3 of the Petition contains a jury demand to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 3.

4. Paragraph 4 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 4.

5. Midland admits that Plaintiff is a natural person. Midland lacks sufficient information to either admit or deny where Plaintiff currently resides, and therefore denies that allegation in Paragraph 5 of the Petition on that basis. The remaining allegations of Paragraph 5 of the Petition contain legal conclusions to which no response is required. To the extent a response is required, Midland denies the remaining allegations.

6. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 6 of the Petition, and therefore denies the allegations on that basis.

7. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 7 of the Petition, and therefore denies the allegations on that basis.

8. Midland denies the allegations of Paragraph 8 of the Petition.

9. Paragraph 9 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 9.

10. Paragraph 10 of the Petition refers to the contents of an alleged agreement, which is a document that speaks for itself. To the extent the allegations of Paragraph 10 are inconsistent with the alleged agreement, Midland denies the allegations.

11. Paragraph 11 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 11.

12. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 12 of the Petition, and therefore denies the allegations on that basis.

13. Paragraph 13 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 13.

14. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 14 of the Petition, and therefore denies the allegations on that basis.

15. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 15 of the Petition, and therefore denies the allegations on that basis.

16. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 16 of the Petition, and therefore denies the allegations on that basis.

17. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 17 of the Petition, and therefore denies the allegations on that basis.

18. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 18 of the Petition, and therefore denies the allegations on that basis.

19. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 19 of the Petition, and therefore denies the allegations on that basis.

20. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 20 of the Petition, and therefore denies the allegations on that basis.

21. Midland denies that a copy of the lawsuit referred to in Paragraph 21 of the Petition was attached to the referenced lawsuit, but admits the remainder of Paragraph 21.

22. The allegations of Paragraph 22 of the Petition refer to the contents of a pleading, which is a document that speaks for itself.  To the extent the allegations of Paragraph 22, including each of its subparts, is inconsistent with the referenced pleading, Midland denies the allegations.

23. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 23 of the Petition, and therefore denies the allegations on that basis.

24. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 24 of the Petition, and therefore denies the allegations on that basis.

25. Paragraph 25 of the Petition contains legal conclusions to which no response is required.  To the extent a response is required, Midland denies the allegations of Paragraph 25.

26. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 26 of the Petition, and therefore denies the allegations on that basis.

27. Midland denies the allegations of Paragraph 27 of the Petition.

28. Midland denies the allegations of Paragraph 28 of the Peitition.

29. Paragraph 29 of the Petition contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 29.

30. Midland denies the allegations of Paragraph 30 of the Petition.

31. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 31 of the Petition, and therefore denies the allegations on that basis.

32. Midland denies the allegations of Paragraph 32 of the Petition.

33. Midland denies the allegations of Paragraph 33 of the Petition.

34. Midland denies the allegations of Paragraph 34 of the Petition.

35. Midland lacks sufficient information to either admit or deny the allegations of Paragraph 35 of the Petition, and therefore denies the allegations on that basis.

36. Midland denies the allegations of Paragraph 36 of the Petition.

## COUNT I:  VIOLATION OF THE FDCPA

37. Midland hereby incorporates its responses to the foregoing paragraphs as though fully set forth herein.

38. Paragraph 38 of the Petition, including each of its subparts, contains legal conclusions to which no response is required. To the extent a response is required, Midland denies the allegations of Paragraph 38, including each of its subparts.

WHEREFORE, having responded fully to the allegations of Count I of the Petition, Defendant Midland Funding LLC respectfully requests that the Court dismiss with prejudice the Petition, such Petition having no basis in fact or law, award Midland its costs expended and its reasonable attorneys' fees in accordance with law, and grant it all such other relief to which the Court deems it justly entitled.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Midland Funding LLC ("Midland"), by and through counsel, and states the following affirmative defenses to the Petition:

1. The Petition is barred in whole or in part for failure to state a claim for which relief can be granted.

2. The Petition is barred in whole or in part on the grounds of unclean hands, waiver, laches, estoppel, and/or res judicata.

3. The Petition is barred in whole or in part on the ground that any damages allegedly suffered are not reasonably calculable, ascertainable, and/or allowable under applicable law.

4. Without admitting that any damages exist, if damages were suffered by Plaintiff, those damages were proximately caused by and contributed to by persons other than Midland. The liability, if any exists, of Midland and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Midland should be reduced accordingly.

5. The Petition is barred, in whole or in part, to the extent that any injury or loss sustained by Plaintiff was caused by intervening or supervening events over which Midland had no control.

6. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Midland, which Midland denies, Midland is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to cause such damages, if any.

7. Plaintiff's claim is barred by her own contributory negligence.

8. Plaintiff's damages, if any, were not proximately caused by any act or failure to act on the part of Midland.

9. Plaintiff's damages, if any, were caused by the negligence of Plaintiff and/or other known or unknown third parties and, as such, Plaintiff's negligence must be compared to any negligence of Midland.

10. Midland acted in good faith, in conformity and reliance upon all applicable laws, rules and regulations, and was therefore privileged in its actions.

11. Plaintiff's claim is barred by the applicable statute of limitations, specifically by 15 U.S.C. § 1692k(d).

12. Plaintiff's claims are barred to the extent that they are subject to a contractual arbitration clause.

13. Plaintiff's claims are barred by the doctrines of witness immunity, litigation immunity, and/or litigation privilege.

14. The Petition is barred in whole or in part by the right to set off amounts owed by Plaintiff against any judgment rendered in Plaintiff's favor herein.

15. The Petition is barred in whole or in part for failure to mitigate damages, if any, allegedly suffered by Plaintiff.

16. Midland is entitled to an award of its reasonable attorneys' fees incurred in defending against the Petition pursuant to 15 U.S.C. § 1692k(a)(3).

17. Midland reserves the right to assert additional affirmative defenses that come to light through discovery or further legal analysis.

WHEREFORE, having responded fully to the allegations of the Petition and raised additional affirmative defenses, Defendant Midland Funding LLC respectfully requests that the

Court dismiss with prejudice the Petition, such Petition having no basis in fact or law, award Midland its costs expended and its reasonable attorneys' fees in accordance with law, and grant it all such other relief to which the Court deems it justly entitled.

Dated this 27th day of January, 2015.

Respectfully Submitted,

By: /s/ Thomas M. Martin
Thomas M. Martin    MO # 38811
M. Cory Nelson      MO # 63357
1010 Walnut, Suite 500
Kansas City, Missouri 64106
(816) 421-2500 (telephone)
(816) 472-2500 (facsimile)
tmmartin@lrf-kc.com
cnelson@lrf-kc.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of January, 2015, I electronically filed the foregoing Answer to Petition with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document by first class mail, postage prepaid, to the following:

Richard A. Voytas, Jr., Esq.
VOYTAS & COMPANY
1 North Taylor Ave.
St. Louis, Missouri 63108
Telephone: (314) 932-1068

ATTORNEY FOR PLAINTIFF

/s/ Thomas M. Martin
Attorney for Defendant

W:\DOCS\CLIENT\9619\27441\00132560.DOCX